**UNITED STATES of America Plaintiff–Appellee,**

v.

**Loretta G. WELCH aka Loretta Welch Defendant–Appellant.**

No. 02–50208.
D.C. CR–00–00961–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2003.

Decided Oct. 22, 2003.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Alana M. Wong, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

Jami L. Ferrara, Esq., Law Offices of Jami L. Ferrara, San Diego, CA, for Defendant–Appellant.

Before ALDISERT,* TALLMAN and RAWLINSON, Circuit Judges.

MEMORANDUM **

## I.

The district court did not abuse its discretion in denying Welch's motion for severance because her case was not unduly prejudiced when it was tried alongside Thomas Foster's. Rule 14 of the Federal Rules of Criminal Procedure permits severance of properly joined defendants if a joint trial would be unduly prejudicial. We have stated:

> Rule 14 sets a high standard for a showing of prejudice. The party seeking reversal of the denial of a motion to sever bears the burden of proving such clear, manifest, or undue prejudice from the joint trial, that [it] violates one of his substantive rights, so that the prejudice is of such a magnitude that the defendant was denied a fair trial.

*United States v. Vasquez–Velasco,* 15 F.3d 833, 845–846 (9th Cir.1994) (internal citations and quotations omitted).

Invoking the teachings of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), Welch contended that the joint trial violated her Sixth Amendment right to confrontation because she could not question Foster about statements he made at the time of his arrest. Welch based this contention on two statements made by Foster that were later read to the jury.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by Ninth Cir. R. 36–3.

In *Bruton*, the Supreme Court held that the admission of a non-testifying co-defendant's confession naming the defendant as a participant in the crime violated the Confrontation Clause of the Sixth Amendment where the statement was "powerfully incriminating." 391 U.S. at 135, 88 S.Ct. 1620. Foster's statements neither mentioned nor implicated Loretta Welch. Accordingly, Foster's statements were not "powerfully incriminating." *See id.* The district court did not abuse its discretion in denying Loretta Welch's motion for severance.

## II.

◼ No warning under the teachings of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was mandated because Appellant Loretta Welch was not in custody at the time she made voluntary statements to federal agents. "[I]n-custody determinations must be based on the totality of the circumstances and are reviewed according to whether a reasonable person in such circumstances would conclude after brief questioning that he or she would not be free to leave." *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001) (internal citations, alteration and quotations omitted).

We are satisfied that the facts in *United States v. Kim*, 292 F.3d 969 (9th Cir.2002), are not analogous here. For a proper analogy to be drawn, the positive resemblances in the facts must greatly outweigh the negative dissimilarities. In *Kim*, law enforcement authorities executing a search warrant locked the store owner inside and forbade the owner from speaking her native language with her son, who also was inside the store. 292 F.3d at 972–973. The officers did not make an affirmative declaration that the owner was free to leave. *Id.*

Here, the district court made specific factual findings supporting the conclusion that Welch was free to leave. Welch was told she could leave the house during the search. Also, Welch was allowed to move freely about the kitchen and even about other areas of the house as long as she was accompanied by an officer to ensure the safety of Welch and the officers.

## III.

◼ We are satisfied also that the district court did not abuse its discretion in its evidentiary rulings. Evidence of past wrongs was admissible to demonstrate an absence of mistake on Welch's part. Excluding evidence of her son's suicide and allowing reference to his case as having been disposed of was not reversible error. Agent Penate's mention of recovering weapons from a "crime scene" in Mexico was properly cured by a limiting instruction. Finally, the sentencing court did not commit impermissible "double counting" and did not err in applying the two-level enhancement for obstruction of justice.

AFFIRMED.